Michael S. Adler
COHEN, WEISS AND SIMON LLP
900 Third Avenue, Suite 2100
New York, NY 10022
212-563-4100
madler@cwsny.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
THE RETIREMENT FUND OF LOCAL 1482　　:
PAINT AND ALLIED PRODUCTS　　　　　　:
MANUFACTURERS, BY ITS TRUSTEE,　　　　:　Civil Action No.
　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　Plaintiff,　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　:
　　　　vs.　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　:
NORTHERN ADHESIVES, INC. a/k/a　　　　:
NORTHERN ADHESIVES CO., INC.,　　　　　:
　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　Defendant.　　　　　　　:
------------------------------------------------------------ x

## COMPLAINT

Plaintiff, the Retirement Fund of Local 1482 Paint and Allied Products Manufacturers (the "Retirement Fund"), by its Trustee (the "Trustee"), by and through its attorneys, Cohen, Weiss and Simon LLP, allege as follows:

## INTRODUCTION

1. This is an action under the Employee Retirement Income Security Act ("ERISA") and the Labor Management Relations Act ("LMRA") to collect delinquent contributions, surcharges, and various other sums owed by an employer to an employee benefit plan.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 29 U.S.C. §§185(a), 1132(a)(3), 1132(e)(1), 1132(f) and 1145.

3. Venue lies in this district under Sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§1132(e)(2) and 1451(d), as the defendant has its principal place of business in this district.

## THE PARTIES

4. Plaintiff is the Retirement Fund and the Trustee of the Retirement Fund. The Trustee is a "fiduciary" of the Retirement Fund as defined in Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

5. The Retirement Fund is an "employee benefit plan" and "multiemployer plan" within the meaning of 29 U.S.C. §1002(3) and §1002(37).

6. The Retirement Fund is maintained pursuant to a trust agreement and plan documents for the purposes of collecting and receiving contributions from employers bound to applicable collective bargaining agreements with Local 1482 and its successor, Local 206, affiliated with the International Union of Painters and Allied Trades, AFL-CIO (the "Union"), and providing benefits to eligible participants.

7. The collective bargaining agreements, trust agreement, and plan documents set forth "terms of the plan" within the meaning of 29 U.S.C. §1132(a)(3) and 29 U.S.C. §1145.

8. Northern Adhesives, Inc. a/k/a Northern Adhesives Co., Inc. ("Northern Adhesives") is, and at all times relevant to this action has been, an "employer" within the meaning of 29 U.S.C. §1002(5) and the relevant plan documents.

9. Northern Adhesives' current principal place of business is 62-15 60th Lane, Maspeth, New York 11378.

## **FACTUAL BASIS FOR CLAIM**

The Collective Bargaining Agreement, the Trust
Agreements, the Rehabilitation Plan, and the Obligation to Contribute to the Retirement Fund

   10. Northern Adhesives, at all times relevant to this action, has been party to a collective bargaining agreement obligating it to contribute to the Retirement Fund.

   11. The collective bargaining agreements bind Northern Adhesives to the terms of the Retirement Fund's trust agreement and plan documents.

   12. The collective bargaining agreements obligate Northern Adhesives to remit contributions to the Retirement Fund, in accord with the terms and conditions of the collective bargaining agreements, trust agreements, and plan documents.

   13. The collective bargaining agreements permit the Retirement Fund to audit Northern Adhesives' books and records to determine whether it has fully complied with its obligation to remit contributions to the Retirement Fund.

   14. On or about September 1, 2008, the Retirement Fund's Plan Actuary determined that the Retirement Fund had reached "Critical Status" under the Pension Protection Act and ERISA.

   15. Accordingly, in accord with the requirements set forth in Section 4245 of ERISA, the then trustees of the Retirement Fund set forth a rehabilitation plan (the "Rehabilitation Plan") intended to increase the Retirement Fund's funded percentage and to forestall insolvency.

   16. The period the Rehabilitation Plan is in effect runs from September 1, 2010 through August 31, 2020.

17. Under the terms of the Rehabilitation Plan, all contributing employers were assessed a 5% surcharge to contributions due to the Retirement Fund for the first year the Rehabilitation Plan was in effect, and 10% for each successive year thereafter.

<u>Reporting Obligations</u>

18. Pursuant to the collective bargaining agreement and applicable law, Northern Adhesives is obligated to report all hours of covered employment worked when remitting contributions.

19. Northern Adhesives has failed to report hours of covered employment worked for the period commencing July 1, 2015 and continuing to the present.

20. By letter dated September 13, 2019, counsel to the Retirement Fund demanded that Northern Adhesives report all unreported hours of covered employment worked beginning with the month of July 2015.

21. Despite demand, Northern Adhesives has failed to report all unreported hours of covered work beginning with the month of July 2015 and continuing to the present.

<u>Contributions</u>

22. Pursuant to the terms of the applicable collective bargaining agreements, Northern Adhesives is obligated to report and remit contributions for all periods covered by this action.

23. Northern Adhesives has failed to report and remit contributions beginning with the month of July 2019 and continuing to the present.

24. By letter dated September 13, 2019, counsel to the Retirement Fund demanded that Northern Adhesives report and remit contributions beginning with the month of July 2019 and continuing to the present.

25. Despite demand, Northern Adhesives has failed to report and remit contributions beginning with the month of July 2019 and continuing to the present.

Surcharges

26. Pursuant to the Rehabilitation Plan, Northern Adhesives was required to report and remit a surcharge on all contributions for all periods covered by this action.

27. Northern Adhesives has failed to remit $1,876.55 in surcharges for the months of July 2015 through June 2019.

28. Northern Adhesives has failed to report and remit surcharges beginning with the month of July 2019 and continuing to the present.

29. By letter dated September 13, 2019, counsel to the Retirement Fund demanded that Northern Adhesives report and remit surcharges beginning with the month of July 2015.

30. Despite demand, Northern Adhesives has failed to report and remit surcharges beginning with the month of July 2015 and continuing to the present.

Damages for Late-Paid Contributions and Surcharges

31. Northern Adhesives failed to timely remit contributions beginning with the month of July 2015 and continuing to the present.

32. Northern Adhesives failed to timely remit surcharges due beginning with the month of July 2015 and continuing to the present.

33. Accordingly, pursuant to the terms of the applicable collective bargaining agreements, trust agreements, and plan documents, and 29 U.S.C. §§ 1132 and 1145, Northern Adhesives owes interest, liquidated damages, and attorney's fees and costs on all unpaid and late-paid contributions and surcharges.

Other Amounts

34. On information and belief, additional contributions, surcharges, interest, liquidated damages, and attorney's fees and costs will continue to become due and owing by the Northern Adhesives to the Retirement Fund during the pendency of this action.

## COUNT I

35. Plaintiff repeats and reallege the allegations set forth in the preceding paragraphs.

36. Section 515 of ERISA, 29 U.S.C. §1145, requires that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."

37. Northern Adhesives' failure to pay contributions, surcharges, interest, liquidated damages, and attorney's fees and costs owing to the Retirement Fund violates the collective bargaining agreements, trust agreements, and plan documents, and thus gives rise to an action under ERISA Section 515.

38. Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), mandates that

> In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce [Section 515] in which a judgment in favor of the plan is awarded, the court shall award the plan,
>
> (a) the unpaid contributions,
> (b) interest on the unpaid contributions,
> (c) an amount equal to the greater of
>     (i) interest on the unpaid contributions or;
>     (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the [unpaid contributions],

    (d) reasonable attorney's fees and costs of the action, to be paid by the defendant, and

    (e) such other legal or equitable relief as the court deems appropriate.

    For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan….

39. The Retirement Fund is thus entitled under ERISA Section 502(g)(2) to unpaid contributions, surcharges, interest, liquidated damages, attorney's fees and costs.

## COUNT II

40. Plaintiff repeats and reallege the allegations set forth in the preceding paragraphs.

41. Section 301 of the LMRA, 29 U.S.C. §185(a), provides a federal cause of action for "[s]uits for violation of contracts between an employer and a labor organization."

42. By failing to pay the contributions, surcharges, and other amounts owing, Northern Adhesives has violated the applicable collective bargaining agreements, trust agreements, and plan documents.

43. Northern Adhesives is thus liable under LMRA Section 301(a) for the unpaid contributions, surcharges, interest, liquidated damages, attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter a judgment:

1. Ordering Northern Adhesives to report all unreported hours of covered employment worked;

2. Ordering Northern Adhesives to pay to the Retirement Fund (i) all delinquent contributions and surcharges owed; (ii) interest on all unpaid and late-paid contributions and surcharges; (iii) liquidated damages on all unpaid and late-paid contributions and surcharges; and (v) the Retirement Fund's attorney's fees and costs.

- 8 -

   3. Providing such other legal and equitable relief as the Court deems proper, including injunctive relief where warranted.

Dated: October 3, 2019
   New York, New York

                  Respectfully submitted,

                  */s/ Michael S. Adler*

                  Michael S. Adler
                  COHEN, WEISS AND SIMON LLP
                  900 Third Avenue, 21st Floor
                  New York, New York 10022-4869
                  (212) 563-4100
                  madler@cwsny.com

                  Attorneys for Plaintiff