UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------

THE RETIREMENT FUND OF LOCAL 1482
PAINT AND ALLIED PRODUCTS
MANUFACTURERS, by its trustee,            **ORDER**
                                          19-CV-05609 (MKB) (RER)
        Plaintiff,

        v.

NORTHERN ADHESIVES, INC. a/k/a
NORTHERN ADHESIVES CO., INC.,

        Defendant.
----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

    Plaintiff Trustee of the Retirement Fund of Local 1482 Paint and Allied Products Manufacturers, commenced the above-captioned action on October 3, 2019 against Defendant Northern Adhesives, Inc., also known as Northern Adhesives Co. Inc. (Compl. ¶ 8, Docket Entry No. 1.) Plaintiff alleges that Defendant failed to make contributions and remit surcharges to Plaintiff in violation of the Employment Retirement Income Security Act, 29 U.S.C. § 1145 ("ERISA"), (*id.* ¶¶ 5–6), and that Defendant failed to make contributions and report hours worked to Plaintiff as required by the parties' collective bargaining agreement (the "CBA") in violation of the Labor-Management Relations Act of 1947, 29 U.S.C. § 185(a) (the "LMRA"), (*id.* ¶ 7). On December 6, 2019, Plaintiff moved for a default judgment seeking unpaid contributions, liquidated damages, reasonable attorneys' fees and costs under ERISA, LMRA, the CBA and the plan documents, and injunctive relief for an order compelling Defendant to submit all relevant remittance reports. (Def. Mot. for Default J. ("Def. Mot."), Docket Entry No. 9; Def. Mem. in Supp. of Def. Mot. 5–6, Docket Entry No. 9-3.)

For the reasons set forth below, the Court adopts the report and recommendation and grants Plaintiff's motion in part. The Court orders Defendant to submit remittance reports to Plaintiff within thirty days of this Order and also orders Defendant to pay Plaintiff $6,610 in attorneys' fees and $465 in costs. The Court defers ruling on Plaintiff's motion for monetary damages until Plaintiff receives the relevant reports and calculates the amount owed by Defendant.

## I. Background

By Order dated December 7, 2019, the Court referred the motion for default judgment to Magistrate Judge Ramon E. Reyes for a report and recommendation. (Order dated Dec. 7, 2019.)

By report and recommendation dated May 27, 2020, Judge Reyes recommended that the Court grant Plaintiff's motion for default judgment against Defendant for violating section 15 of ERISA and section 13 of the LMRA (the "R&R"). (R&R 3.) Judge Reyes found that the allegations in the Complaint establish that Defendant has violated ERISA by failing to make the required contributions and that Defendant has violated the LMRA "by failing to meet its contractual obligations under the CBA to report and remit contributions, surcharges, and hours of covered employment." (*Id.* at 4.) Judge Reyes also recommended that the Court grant Plaintiff's request for injunctive relief and order Defendant to submit outstanding remittance reports within thirty days. (*Id.*) Judge Reyes further recommended that the Court grant Plaintiff's request for attorneys' fees and costs and deny Plaintiff's request for monetary relief without prejudice "so that accurate calculations can be made after receipt of the remittance reports." (*Id.* at 5.)

No party has objected to the R&R and the time for doing so has passed.

## II. Discussion

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."

2

28 U.S.C. § 636(b)(1)(C). "Where parties receive clear notice of the consequences, failure to timely object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." *Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) (quoting *Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)); *see also Almonte v. Suffolk Cty.*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Sepe v. N.Y. State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) (quoting *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997)); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's [r]eport and [r]ecommendation if the party fails to file timely objections designating the particular issue." (citations omitted)).

The Court has reviewed the unopposed R&R and, finding no clear error, adopts the R&R pursuant to 28 U.S.C. § 636(b)(1).

### III. Conclusion

Accordingly, the Court grants Plaintiff's motion in part. The Court orders Defendant to submit remittance reports to Plaintiff within thirty days of this Order and also orders Defendant to pay Plaintiff's $6,610 in attorneys' fees and $465 in costs.

The Court defers ruling on Plaintiff's motion for monetary damages until Plaintiff receives the relevant reports to calculate the amount owed.

Dated: September 14, 2020
       Brooklyn, New York

                                SO ORDERED:

                                _____s/ MKB_____
                                MARGO K. BRODIE
                                United States District Judge